IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MENG C. VUE,

        Petitioner,                      No. CIV S-05-1258 JAM EFB P

    vs.

JAMES A. YATES,

        Respondent.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence on a 1996 judgment of conviction entered against him, pursuant to his plea of nolo contendere, on a charge of voluntary manslaughter. He seeks relief on the grounds that the state courts' calculation of pre-sentence custody credits violated the terms of his plea agreement. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be dismissed as moot.

**I.     Procedural Background**

        In an amended/consolidated complaint filed on August 15, 1997, petitioner was charged with murder, attempted murder, and assault with a firearm. Clerk's Transcript on Appeal (CT) at 64. On February 2, 2001, petitioner pled nolo contendere to voluntary manslaughter, and

1

admitted an allegation that his co-defendant was armed with a firearm. *Id.* at 18. On March 30, 2001, petitioner was sentenced to twelve years in state prison, with a deduction for pre-sentencing custody credits. Reporter's Transcript on Appeal (RT) at 24-32.

Petitioner filed a timely appeal in the California Court of Appeal for the Third Appellate District, in which he challenged a parole revocation restitution fine which had been imposed by the trial court. Answer, Ex. A. In a decision dated June 4, 2002, the California Court of Appeal struck the restitution fine and otherwise affirmed petitioner's judgment of conviction and sentence. Answer, Ex. C.

On February 27, 2003, petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court, in which he claimed that the trial court's award of pre-custody time credits violated his plea agreement. Answer, Ex. D. That petition was denied in a reasoned decision dated April 2, 2003. Answer, Ex. E. On May 5, 2003, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. Answer, Ex. F. That petition was summarily denied by order dated May 29, 2003. Answer, Ex. G. On July 19, 2003, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. Answer, Ex. H. That petition was denied on March 17, 2004, with citations to *in re Swain*, 34 Cal.2d 300, 304 (1949) and *People v. Duvall*, 9 Cal.4th 464, 474 (1995). Answer, Ex. I.

On May 7, 2004, petitioner filed a second petition for a writ of habeas corpus in the Sacramento County Superior Court. Answer, Ex. J. That petition was denied in a reasoned decision dated June 23, 2004. Answer, Ex. K. On July 12, 2004, petitioner filed a second petition for a writ of habeas corpus in the California Supreme Court. Answer, Ex. L. That petition was summarily denied by order dated June 15, 2005. Answer, Ex. M.

This court has independently verified that petitioner was released from prison on January 17, 2010.

////

////

**II. Petitioner's Claims**

Although petitioner's arguments are divided into three separate parts, he raises only one claim: that the amount of custody credits applied to his sentence violated the terms of his plea agreement and lengthened the term of his confinement. Pet. at 5-6. Petitioner explains that after he was sentenced, his sentence was changed, upon the request of the California Department of Corrections and Rehabilitation, to reduce the total amount of pre-sentencing credits that he had been awarded by the sentencing judge. *Id.* at 5. Petitioner argues that this "chang[ed] judge's agreement as part of plea bargain." *Id.* Petitioner also argues he should have been given a hearing before his credits were reduced. *Id.* In the points and authorities attached to the petition, petitioner summarizes his claim as follows:

> Petitioner, who was charged with murder entered a negotiated plea, whereby he pleaded no contest to voluntary manslaughter. A material term of the plea bargain provided that he would be awarded 1710 days actual time and 854 conduct credit for a total of 2564 days, per Penal Code § 4019. The California Department of Corrections (CDC), with the authority of the Superior Court of the State of California For the County of Sacramento, has determined that petitioner's § 4019 credits are unauthorized, and 933.1 limits pre-sentence credits, changing petitioner's release date, which unlawfully deprived petitioner of his due process rights.

Mem. of P. & A. at page marked II. In essence, petitioner is challenging the state courts' calculation of the pre-sentencing custody credits to be applied to his sentence of 12 years in prison.

**III. Analysis**

Petitioner challenges only the length of his sentence. He does not challenge his guilty plea or his conviction. Because petitioner has been released from prison, this action appears to be moot.

A case is moot if it does not satisfy the case-or-controversy requirement of Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue

3

to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences. *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004); *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). Any nonstatutory consequences of the sentence, such as its effect, apart from the conviction, on employment prospects or on the sentence imposed in a future proceeding, are insufficient to avoid mootness. *Lane v. Williams*, 455 U.S. 624, 631-33 (1982).

This court cannot provide the relief sought in the habeas petition, which essentially involves a request for a lesser sentence. Because petitioner has completed the challenged confinement, his claims are moot and must be dismissed. *See United States v. Brandau*, 578 F.3d 1064, 1067 (9th Cir. 2009) ("Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed") (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002)); *Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002) (petitioner could proceed with a civil rights action where a petition for writ of habeas corpus attacking punishment imposed as the result of a disciplinary proceeding would have to be dismissed as moot because petitioner had been released from prison); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief).

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE